UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA
Civil No. 15-3831(DSD/TNL)

Ken Kolberg and Tara Smith,

       Plaintiffs,

v.                                                   **ORDER**

City of St. Paul,

       Defendant.

    Lisa R. Hollingsworth, Esq., Southern Minnesota Regional Legal Services, 55 East Fifth Street, Suite 400, St. Paul, MN 55101 and Michael W. Hagedorn, Esq., Southern MN Regional Legal Services, Inc., Administrative/Program Support Office, 450 North Syndicate Street, Suite 285, St. Paul, MN 55104, counsel for plaintiffs.

    Cheri M. Sisk, Esq., City of St. Paul Attorney's Office, 15 West Kellogg Blvd., 750 City Hall and Courthouse, St. Paul, N 55102, counsel for defendant.

This matter is before the court upon the motion to dismiss by defendant City of St. Paul. Based on a review of the file, record, and proceedings herein, and for the following reasons, the court grants the motion.

**BACKGROUND**

This dispute arises from the City's decision to order plaintiffs Ken Kolberg and Tara Smith to vacate their condominium. On May 16, 2014, the City, pursuant to Saint Paul Legislative Code § 40.06, revoked the fire certificate of occupancy for the building housing plaintiffs' condominium and ordered that the building be

vacated.  Compl. ¶¶ 9, 26.  Plaintiffs allege that the City's action constitutes a regulatory taking requiring just compensation. Id. ¶ 37.

On July 23, 2014, plaintiffs filed an amended complaint against the City in Ramsey County District Court, claiming violations of their substantive and procedural due process rights and an unconstitutional taking of the property. Sisk Aff. Ex. A. On June 26, 2015, the court concluded that the Minnesota Court of Appeals had exclusive jurisdiction and dismissed the case. Kolberg v. City of St. Paul, 62-CV-14-4029 (Minn. Dist. Ct. June 26, 2015).

On October 9, 2015, plaintiffs filed the instant suit, claiming an unconstitutional taking of their property under 42 U.S.C. § 1983.  The City now moves to dismiss.

## DISCUSSION

**I. Standard of Review**

To survive a motion to dismiss, "a complaint must contain sufficient factual matter, accepted as true, to state a claim to relief that is plausible on its face." Braden v. Wal-Mart Stores, Inc., 588 F.3d 585, 594 (8th Cir. 2009) (internal quotation marks omitted) (quoting Ashcroft v. Iqbal, 556 U.S. 662, 678 (2009)). "A claim has facial plausibility when the plaintiff [has pleaded] factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged."

Iqbal, 556 U.S. at 678 (citing Bell Atl. Corp. v. Twombly, 550 U.S. 544, 556 (2007)).  Although a complaint need not contain detailed factual allegations, it must raise a right to relief above the speculative level.  See Twombly, 550 U.S. at 555.  "[L]abels and conclusions or a formulaic recitation of the elements of a cause of action" are not sufficient to state a claim.  Iqbal, 556 U.S. at 678 (citation and internal quotation marks omitted).

**II. Review of a Quasi-Judicial Decision**

Plaintiffs argue that this court has original jurisdiction to hear their takings claim.  The City responds that the Minnesota Court of Appeals has exclusive jurisdiction to review its decision to revoke the fire certificate and order that the building be vacated, and thus to review the takings claim.  The court agrees with the City.

The Minnesota Court of Appeals has exclusive jurisdiction to review quasi-judicial decisions by a municipal body, absent statutory language vesting review with a district court.  Heideman v. Metro. Airports Comm'n, 555 N.W.2d 322, 323-24 (Minn. Ct. App. 1996).  The parties do not assert that such statutory language exists.  See St. Paul, Minn., Legis. Code ch. 40 (containing no provision for district court review).  Nor do they dispute that the City's decision was quasi-judicial.  Accordingly, the Minnesota Court of Appeals has exclusive jurisdiction to review the City's decision, and it necessarily follows that this court lacks such

jurisdiction.

Plaintiffs argue that this court nevertheless has original jurisdiction to consider its takings claim because that claim is separate and distinct from review of the City's quasi-judicial determination. The court disagrees.

The Minnesota Court of Appeals maintains exclusive jurisdiction over a takings claim if an inquiry into that claim would involve an inquiry into the underlying quasi-judicial decision. See City of Minneapolis v. Meldahl, 607 N.W.2d 168, 172 (Minn. Ct. App. 2000) (discussing the overlapping nature of the city's quasi-judicial decision to the takings claim and affirming the district court's ruling that it lacked jurisdiction). Here, the City revoked the fire certificate of occupancy and ordered that the building be vacated. If a municipality properly exercises its police powers to abate a nuisance, no taking occurs and the property owner is not entitled to just compensation. Id.; see also Vill. of Zumbrota v. Johnson, 161 N.W.2d 626, 629 (Minn. 1968) (citing York v. Hargadine, 171 N.W. 773 (Minn. 1919)) (stating that the municipality's condemnation of "a building which is especially liable to fire ... is a valid exercise of the police power" and "is not in any sense a taking"). Accordingly, if the court were to consider plaintiffs' § 1983 claim, it would have to analyze whether the City properly exercised its police power to abate a nuisance, namely the building's potential fire hazard. Because plaintiffs'

4

takings claim is tied to the City's decision, this court lacks jurisdiction at this time to hear the takings claim.

**III. Ripeness of Federal Review**

The court further finds that plaintiffs' claim is premature. The state and federal constitutions prohibit the state from taking property without just compensation. U.S. Const. amend. V; Minn. Const. art. I, cl. 13. But "if a State provides an adequate procedure for seeking just compensation, the property owner cannot claim a violation of the Just Compensation Clause until it has used the procedure and been denied just compensation." Williamson Cnty. Reg'l Planning Comm'n v. Hamilton Bank of Johnson City, 473 U.S. 172, 195 (1985).

In Minnesota, property owners can seek compensation for alleged takings by filing a petition for a writ of mandamus to compel an inverse condemnation proceeding. See Rockler v. Minneapolis Cmty. Dev. Agency, 866 F. Supp. 415, 417 (D. Minn. 1994) (acknowledging availability of inverse condemnation proceeding and requiring plaintiffs to make use of it to enforce Just Compensation Clause). Plaintiffs must file that petition with the Minnesota Court of Appeals, which will initiate the following procedure:

> The mandamus court must determine first whether there has been a taking or damage in the constitutional sense that it may compel the state to initiate condemnation proceedings. If so, the matter goes before the commissioners to set the dollar amount of

5

>     harm the owner has suffered.  If appealed, the
>     matter again goes to the district court fact-
>     finder to address the amount of damages.

Meldahl, 607 N.W.2d at 172 (citations and internal quotation marks omitted); see also Littlefield. v. City of Afton, 785 F.2d 596, 609 (8th Cir. 1986), overruled on other grounds by Morrison Enters., LLC v. Dravo Corp., 638 F.3d 594, 610 (8th Cir. 2011) ("Until the Minnesota courts have ruled that an inverse condemnation action may not be brought or denies damages in such an action, appellants' claim of taking without just compensation is not ripe for decision by a federal court."). Plaintiffs have not followed this procedure.[1] Accordingly, dismissal of plaintiffs' claim is warranted. The court will entertain plaintiffs' claim when and if that claim becomes ripe for federal review.

---

[1] Plaintiffs argue that Minnesota does not provide them with an adequate procedure to seek just compensation because the state district court has already ruled that they may not bring an inverse condemnation action. Kolberg, 62-CV-14-4029. However, that court actually ruled that it lacked jurisdiction and that plaintiffs had not followed the procedural requirements for seeking mandamus. Id. at 6. Under these circumstances, plaintiffs have failed to establish that the state does not afford an adequate procedure.

**CONCLUSION**

Accordingly, based on the above, **IT IS HEREBY ORDERED** that:

1. The City's motion to dismiss [ECF No. 8] is granted; and

2. The complaint is dismissed without prejudice.

**LET JUDGMENT BE ENTERED ACCORDINGLY.**


Dated:  January 4, 2016.

s/David S. Doty
David S. Doty, Judge
United States District Court
